**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:15-CR-381 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE DONALD C. NUGENT |
| -vs- | : | |
| | : | |
| MATTHEW J. KING, | : | **DEFENDANT'S MOTION IN** |
| | : | **LIMINE TO EXCLUDE RECORDINGS** |
| Defendant. | : | (Hearing Requested) |
| | : | |

Defendant Matthew King, through counsel, respectfully requests this Honorable Court to exclude the audio/video recordings from trial. The government has indicated that it does not intend to call the confidential informant (CI) as a witness. If the CI is not called as a witness, playing the recordings would be a violation of Mr. King's Sixth Amendment right to confront witnesses against him. The reasons supporting this motion are discussed in the attached memorandum, which is incorporated herein by reference. Mr. King requests a hearing on this motion be held prior to the start of voir dire on Monday, June 13, 2016.

Respectfully submitted,

*/s/Timothy C. Ivey*
TIMOTHY C. IVEY (0039246)
Assistant Federal Public Defender
/s/ *CATHERINE ADINARO*
CATHERINE ADINARO (0088731)
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: timothy_ivey@fd.org
e-mail address: cathi_adinaro@fd.org

## MEMORANDUM IN SUPPORT

Sometime prior to February 2014, Matthew King met an individual named M.T. at a strip club. Unknown to Mr. King at the time, M.T. had a history of working as a confidential informant for law enforcement. After meeting Mr. King, M.T. approached law enforcement and offered to set up a meeting between himself and Mr. King for the purpose of asking him to launder drug money. The agents took the bait and an investigation against Mr. King commenced.

At the direction of law enforcement, M.T. met with Mr. King on several occasions. Before most of these meetings, M.T. met with law enforcement and was given a recording device. The government has indicated its intention to play audio or audio/video recordings from 6 separate meetings. The government has further indicated that it does not intend on calling M.T. as a witness at trial.

While the statements made by Mr. King on the recordings are admissible under Fed. R. Evid. 801(d)(2), the statements made by M.T. are not. As detailed below, M.T.'s statements are out of court, testimonial statements offered for the truth of the matter asserted. Playing M.T.'s recorded statements to the jury without Mr. King having the opportunity to cross examine M.T. is a violation of M.T.'s Sixth Amendment right to confront witnesses against him.

### a. M.T.'s Statements Are Testimonial

The Confrontation Clause of the Sixth Amendment to the United States Constitution guarantees a defendant the right to confront witnesses against him. U.S. CONT. amend. VI. The Confrontation Clause is implicated when an out of court, testimonial statement is offered for the truth of the matter asserted. *Crawford v. Washington*, 541 U.S. 36 (2004). The Constitution bars "admission of testimonial statements of a witness who did not appear at trial unless he was

unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Id*. at 53-54.

To determine whether a statement is testimonial, the Sixth Circuit instructs us to ask whether a reasonable person in the declarant's position would anticipate his statements are intended to bear testimony against the accused. *United States v. Johnson*, 581 F.3d 320, 325 (6th Cir. 2009). Here, M.T.'s statements in the recordings are clearly testimonial. Law enforcement wired M.T. with the sole purpose of investigating and prosecuting Mr. King for money laundering. A reasonable person in M.T.'s position would have understood the recordings, including his statements, would be used as evidence against Mr. King at trial.

### b. M.T.'s Statements Are Being Offered For The Truth Of The Matter Asserted

M.T.'s statements are also offered for the truth of the matter asserted because they go directly to establishing an element of the offense. *See United States v. Power*s, 500 F.3d 500, 509 (6th Cir. 2007) (CI's statements related to the element of identity implicate the Confrontation Clause). Mr. King is charged with three violations of 18 U.S.C. § 1956(a)(3)(B). Money laundering under 1956(a)(3) is known as the "sting" provision. *United States v. Monea*, 376 F. App'x 531, 536 (6th Cir. 2010). To sustain a conviction under this sting provision the government must prove the defendant "conducted or attempted to conduct a financial transaction involving property **represented to be** the proceeds of specified unlawful activity." 18 U.S.C. § 1956(a)(3) (emphasis added).

> [T]he term "represented" means any representation made by a law enforcement officer or by another person at the direction of, or with the approval of, a Federal official authorized to investigate or prosecute violations of this section.

18 U.S.C. § 1956(a)(3).

The government must offer M.T.'s statements to show that he "represented" the proceeds to be that of "specified unlawful activity." As the government is using M.T.'s out of court

testimonial statement to satisfy an element of the offense, M.T.'s statements are necessarily being offered for the truth of the matter asserted.

For the foregoing reasons, Mr. King respectfully requests this Court exclude M.T.'s statements in the recordings from trial if the government does not call M.T. as a witness.

Respectfully submitted,

*/s/Timothy C. Ivey*
TIMOTHY C. IVEY (0039246)
Assistant Federal Public Defender
/s/ *CATHERINE ADINARO*
CATHERINE ADINARO (0088731)
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: timothy_ivey@fd.org
e-mail address: cathi_adinaro@fd.org

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2016, a copy of the foregoing Motion in Limine was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/Timothy C. Ivey*
TIMOTHY C. IVEY (0039246)
Assistant Federal Public Defender