IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15-CR-381 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW KING, | ) | <u>RESPONSE IN OPPOSITION TO</u> |
| | ) | <u>DEFENDANT'S MOTION IN LIMINE</u> |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Carole S. Rendon,

Acting United States Attorney, and Margaret A. Sweeney and Michelle M. Baeppler, Assistant

United States Attorneys, and hereby responds in opposition to Defendant's Motions in Limine

(ECF #27, 36, 37), which seek the exclusion of recordings and transcripts of meetings between

Defendant and a confidential informant.

I.      **Factual Background**

In February 2014, a confidential source, CS-11, came to the Northern Ohio Law

Enforcement Task Force (NOLETF) and stated that Defendant Matthew King had approached

CS-11, believing he was a drug dealer, and offered to launder CS-11's drug proceeds.  Following

this meeting, which was not recorded, members of the NOLETF equipped CS-11 with audio

equipment, and CS-11 met with the Defendant at his law office in Cleveland, Ohio.  During this

meeting, CS-11 and the Defendant discussed a plan wherein the Defendant would assist CS-11 in laundering his purported drug proceeds.  Following this meeting, CS-11 met with Defendant five more times, and each time CS-11 was equipped with audio and video equipment which recorded the discussions between he and the Defendant about the money laundering scheme.  The government intends on presenting six recordings of these meetings between CS-11 and the Defendant.

## II.     Law and Argument

Defendant has moved to exclude the recordings between he and CS-11 if CS-11 is not called as a witness.  More specifically, Defendant has moved this court to exclude the following: (1) inaccurate portions of the recording transcripts; (2) portions of the recordings that include statements of the confidential informant; and (3) irrelevant portions of the recordings.

### A.     *Defense counsel has had an opportunity to revise the transcripts and, therefore, Defendant's request to exclude them based on inaccuracy is moot*

In his first Motion in Limine, Defendant asks this Court to exclude the government-produced transcripts of recorded meetings between he and CS-11, claiming that portions of the transcript are inaccurate.  (R. 27, Motion).  Following this Motion, this Court held a status conference to discuss the issue of the transcripts' accuracy with the parties.  During this conference, defense counsel stated that they were in the process of identifying portions of the transcripts they interpreted as inaccurate, and the government agreed to review defense counsels' edits to the transcript, and adjust the transcript where appropriate.  After the status conference, the government learned that any significant adjustments to the transcripts would require significant time to accomplish.  Accordingly, the parties filed a joint motion to continue the trial date so that the transcripts could be corrected.

Since that time, defense counsel has submitted revised transcripts to the government and the government submitted that it has completed those revisions, where appropriate.  Accordingly, the first issue raised in Defendant's Motion in Limine is moot.

> **B.**      ***Statements of the confidential informant recorded during discussions with the Defendant are admissible as non-testimonial statements that are not offered for their truth***

This Court should admit recorded statements of CS-11 because CS-11's statements on recordings are not testimonial, are not offered for the truth, and, therefore, are admissible.  The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him."  U.S. Const. amend. VI.  More specifically, the Confrontation Clause prevents the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54 (2004).  If statements are non-testimonial, and therefore satisfy the Confrontation Clause, the only remaining admissibility question is whether the statements satisfy the Rules of Evidence.  See United States v. Johnson, 581 F.3d 320, 326 (6th Cir. 2009).

Defendant King claims that the CS-11's statements on the recordings, made during conversation with King, are testimonial hearsay and are therefore inadmissible.  Defendant's claim, however, lacks any legal basis.  The Sixth Circuit has held that where a cooperating informant, whose statements with the defendant are recorded and presented as evidence, is not a witness against the defendant if the informant does not testify.  United States v. Jackson, 425 F. App'x 476, 481 (6th Cir. 2011) ("The cooperating source as not a witness against [the defendant] for purposes of the Sixth Amendment because the source did not testify at trial and did not otherwise 'bear testimony' against [the defendant.]").  In United States v. Jones, 205 F. App'x

327 (6th Cir. 2006), the Sixth Circuit held "that the admission of recordings involving a C.I. and a defendant did not violate the Confrontation Clause because the portions not involving the C.I. were party admissions and the portions involving the C.I. were offered not for the truth of the matters asserted but to 'give meaning to the admissible responses of [the defendants].'" Jones, 205 F. App'x at 342.

Moreover, eight other circuits have also determined, post-Crawford, that recordings of a confidential informant's discussions with a defendant are admissible even when the confidential informant does not testify.  See United States v. Cimino, 2016 U.S. App. LEXIS 1706 (2d Cir. Feb. 2, 2016) ("The admission of recordings that contain the voice of the defendant and a confidential informant does not violate the Confrontation Clause where the informant's statements are used only to provide context to the defendant's statements, and not for the truth of the matter asserted, as such statements are nontestimonial in nature."); United States v. Foster, 701 F.3d 1142, 1150 (7th Cir. 2012) ("The admission of recorded conversations between informants and defendants is permissible where an informant's statements provide context for the defendant's own admissions. '[S]tatements providing context for other admissible statements are not hearsay because they are not offered for their truth.'" (internal quotation marks omitted)); United States v. Dixon, 481 Fed. App'x 806, 811 (4th Cir. 2012) ("Whether the statements were testimonial is immaterial, however, because even if they were testimonial, the Confrontation Clause does not bar their admission 'for purposes other than establishing the truth of the matter asserted.'" (quoting  Crawford, 541 U.S. at 40)); United States v. Gouveia, 468 Fed. App'x 793, 796 (9th Cir. 2012) ("[The confidential informant's] statements, which were factually false, are also exempt from the Confrontation Clause because they were not offered for the truth of the matter asserted, but to provide context for [the defendant's] statements."); United States v.

Augustin, 661 F.3d 1105, 1128 (11th Cir. 2011) ("This Court has explained that the Confrontation Clause is not violated by a non-testifying informant's recorded statements when offered only to place the defendant's statements in context."); United States v. Detelich, 351 F. App'x 616, 623 (3d Cir. 2009) ("[The Third Circuit Court of Appeals has] rejected the argument that statements made by an unavailable confidential informant and admitted via recording violated the Confrontation Clause."); United States v. Santiago, 566 F.3d 65, 69 (1st Cir. 2009) ("[R]ecordings of what the two informants said were not hearsay offered in violation of the confrontation clause: the statements of the informants were not offered for their truth but as exchanges with Santiago essential to understand the context of Santiago's own recorded statements arranging to 'cook' and supply the crack. These statements (also not generally offered for their truth) comprised admissions by a party and so cannot be hearsay."); United States v. Rios, 298 F. App'x 312, 314 (5th Cir. 2008) ("Accordingly, the statements of the confidential informant on the recording and transcript were admitted to provide context to [the defendant's] statements, were not admitted to prove the truth of the matters asserted therein, and did not violate the Confrontation Clause or the hearsay rule.").

Likewise here, CS-11's statements are not testimonial.  More importantly, they are not offered for their truth.  Indeed, CS-11 was not a drug dealer and was falsely holding himself out as a drug dealer to Defendant.  Overall, CS-11's statements provide context for Defendant's admissible statements.  Without CS-11's statements, the jury would be left to listen to a recording of a one-sided conversation, without the benefit of understanding any context for the parties' relationship or the nature of the conversation.  Such a request is illogical.

Instead, this Court should deny Defendant's request to exclude CS-11's statements and submit a limiting instruction to the jury explaining that CS-11's statements are not offered for

their truth.  The Sixth Circuit has approved this type of limiting instruction in this context.  See

Jones, 205 F. App'x at 345.

### C.      *Recorded discussions between the confidential informant and the Defendant are relevant and, therefore, admissible*

All recorded statements of the Defendant and the CS-11, which were recorded during the

course of their money laundering relationship, are admissible because they are relevant to a fact

of consequence in this case—the relationship between the Defendant and CS-11.  Pursuant to

Federal Rule of Evidence 401, "Evidence is relevant if: (1) it has any tendency to make a fact

more or less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action."

Preliminarily, the government submits that the transcripts that Defendant attached to his

Motion are not the updated, correct transcripts.  The most recent version of the transcripts

includes Defendant's revisions as well as additional government revisions.  Because the

substance of the transcripts is the same, the government's response will address the versions of

the transcripts that Defendant attached to his Motion.

Defendant has cited specific portions of the six recordings alleging that those portions of

the transcripts are irrelevant.  (R. 37: Motion).  Four of the transcripts which Defendant has

parsed out contain information that is not substantive to the discussions between Defendant and

CS-11, which are either brief or the government did not intend on presenting to the jury during

trial for the purposes of expediency.  More specifically, Defendant's complaint in subparagraph

3 of his Motion regarding the February 10, 2014, recording seeks to exclude the statement of the

law enforcement officer responsible for initiating the recording equipment, including the

officer's statement of the date, time, and location of the recording.  These statements are not

offered for the truth of the matter asserted, as Defendant alleges; instead, they are offered for the

6

purpose of laying a foundation for the recording and are, therefore, admissible.  Second,

Defendant's complaint in subparagraph 4 centers on the beginning of the February 18, 2014,

recording in which CS-11 is at Defendant's law offices waiting to meet with Defendant, and CS-

11 has a discussing with various persons in the office.  The government does not anticipate

presenting this portion of the recording to the jury.  Finally, Defendant's complaints in

subparagraphs 5 and 6 again center on a brief portion of the beginning of the recording of the law

enforcement officer responsible for initiating the recording equipment.  These statements are not

offered for the truth of the matter asserted, as Defendant alleges; instead, they are offered for the

purpose of laying a foundation for the recording.

     Defendant's only substantive issues with the recordings center on the first two

recordings.  First, Defendant claims that portions of the February 4, 2014, recording are

irrelevant.  Defendant has highlighted approximately 15 pages of the transcript of this recording,

alleging that all of it is irrelevant.  This entire recording, including the highlighted portions of the

transcript, are relevant to the charges against Defendant.  February 4, 2014, was the first

recorded meeting between CS-11 and Defendant.  It was the first time that the two of them had

met in Defendant's law offices to discuss laundering CS-11's purported drug money.  The initial

conversation at the beginning of the recording is friendly, jovial, and at times, crude; but it is

nevertheless relevant because it has a tendency to show that Defendant and CS-11 had a cordial

relationship.  It shows that Defendant was not intimidated by CS-11 or otherwise pressured into

participating in this money laundering scheme.  More specifically, during this initial

conversation, Defendant offers to check on pending criminal cases of CS-11's friend, and during

this conversation Defendant proceeds to check on the criminal case, explain the charges to CS-

11, and even offers his opinion on the Judge assigned to the case.  Later on in recordings

between Defendant and CS-11, Defendant offers similar legal favors to CS-11, such as running CS-11's drug associates through court databases, in an effort to assist CS-11 from evading law enforcement during the course of his drug trafficking. This recording gives context to later conversation between Defendant and CS-11 regarding the money laundering scheme and it also provides context as to the nature of the relationship between them.

Defendant's second substantive issue centers on similar discussions between Defendant and CS-11. These conversations are similarly indicative of the comfortable relationship that Defendant and CS-11 shared. At a certain point during the discussion, a third person comes in to Defendant's office and engages Defendant and CS-11 in conversation. Nevertheless, while this person is in the room, Defendant and CS-11 continue to discuss details of their money laundering scheme, as well as casual, friendly conversation. Although portions of the discussions between Defendant and CS-11 are not specifically addressing their money laundering scheme, these discussions are nevertheless relevant to show that Defendant and CS-11 were friendly associates, and that Defendant was in a position where he was willing and able to assist CS-11. These discussions give context to the nature of the discussions between Defendant and CS-11 and they provide background information relevant to understand their discussions of their money laundering scheme and their criminal relationship.

**III.    Conclusion**

For the foregoing reasons, this Court should deny Defendant's Motions in Limine.


Respectfully submitted,

CAROLE S. RENDON
Acting United States Attorney

By:    /s/ Margaret A. Sweeney
Margaret A. Sweeney (OH: 0086591)
Michelle M. Baeppler (OH: 0065378)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3990/3995
(216) 522-7499 (facsimile)
Margaret.Sweeney@usdoj.gov
Michelle.Baeppler@usdoj.gov

9

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of June 2016, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Margaret A. Sweeney
Margaret A. Sweeney
Assistant U.S. Attorney